*756 OPINION.
Trammell :
It is the contention of the petitioners that the fees and commissions paid to the executor and executrix in the year involved are allowable deductions from the gross income of the estate. The respondent, on the other hand, contends that the commissions of the *757 executor and executrix are allowable deductions in determining the net estate subject to the estate tax and are not allowable deductions in determining the net income of the estate.
We agree with the respondent that ordinarily executor’s fees and commissions should be applied against the gross estate in determining the net estate subject to the estate tax, and ordinarily they are not allowable as deductions in determining the net income of the estate. A distinction, however, should be drawn between administration expenses paid or incurred in settling up an estate and those expenses paid or incurred in preserving the estate over a period of years, making sales, collections and doing other things which were necessary in maintaining the properties and producing income. In the Appeal of Estate of Seymour H. Knox, 3 B. T. A. 143, a similar situation was presented. Knox left a large estate and instead of permitting his executors to receive the fees and commissions that would otherwise be paid to them under the laws of New York for their services, he made provision for the payment of fixed annual compensation. The services rendered by the executors consisted of managing and taking care of the estate and the income therefrom and there was paid to them during 1919 for their services for that year, $12,000 each, making a total of $24,000. In that case we said:
The only question presented by this appeal is whether or not the estate oí Seymour H. Knox, in computing its net income for the year 1919, is entitled to deduct the amount of $24,000 paid to the executors of the estate as compensation for services rendered by them in that year. The Commissioner allowed as a deduction that part of the compensation so paid which bears to the total compensation the same ratio that the taxable net income of the estate bears to the total net income. However, at the hearing it was contended by the Commissioner that no part of the compensation paid to the executors of the estate in the year 1919 should have been or should be allowed as a deduction from gross income.
Seymour H. Knox, in his will, named certain persons who should act as executors in the necessary proceedings for the settlement and distribution of his estate, and provided further that the same executors should at once become .the trustees of certain trusts specifically provided for and set forth in the will. The decedent, knowing that his estate would continue to produce a large income annually and that the execution of the trust provided for would extend over a period of years much longer than the period ordinarily required for the administration and settlement of an estate, provided in his will that his executors and trustees should, during the period of their service in such capacity, receive as compensation a fixed annual salary in lieu of statutory fees and commissions. He also provided that such salary should be paid out of the income of the estate.
* * * * * * *
Section 219 of the Revenue Act of 1918 laid upon the executors and trustees in this case the duty of making an income-tax return for the estate and properties under their charge, and it further provided that the gross and net income of such estate should be ascertained and computed in substantially the same manner as required of living persons. The executors and trustees are *758 essentially employees of tlie estate. Their compensation is one of the ordinary and necessary expenses of the estate and properly deductible from the income thereof without regard to the fact that a portion of the estate’s income is exempt from taxation.
In our opinion expenses which were necessary to be paid out over a number of years in preserving the estate, seiling the property and collecting interest or deferred payments on sales, are deductible from the gross income of the estate. Such expenses come under the classification of ordinary and necessary expenses in carrying on a trade ■or business. Under section 219 of the Revenue Act of 1918 an estate or trust is entitled to the same deductions for such expenses as are allowed to individuals.
Considering the will in its entirety, it was manifestly the intention of the testator that the expenses of preserving the estate, selling the timber and other expenses involved in collecting the gains and profits, were to be deducted from the income of the estate and not from the corpus. The intention of the testator in that regard, while not, controlling as to whether the expenses should be deducted in determining the net income for the purposes of the tax, should be given great weight.
The testator knew that the property of the estate could not be sold immediately; she knew that it would take possibly several years to sell and dispose of the property and convert it into income-producing property. She also knew that her executor and executrix would have to render services in connection with the estate in order to pro- ■ tect it and derive income therefrom.
■ Where it is known that an estate can not be settled and closed up within the ordinary period allowed for the administration thereof, and it is known that an indeterminable period of time will be required for that purpose, during which period the estate must be protected, property sold, income collected and expenses paid, it is our opinion, that such expenses should be deducted from gross income. Especially is this true where the amounts are paid out according to the will from income and are allowed by the probate court having jurisdiction.
In this case the amounts paid to the executor and executrix were compensation for services rendered in connection with the production of income. The executor and executrix were in a very substantial sense carrying on business for the estate and maintaining its property and were not merely winding up or settling the estate.
Under the facts in this case the fees and commissions paid the executor and executrix are, in our opinion, ordinary and necessary expenses of the estate and are deductible in determining its net income.

Judgment will be entered on 15 days' notice, under Bule 50.